## AFFIDAVIT OF SPECIAL AGENT G. RYAN ARNOLD

I, Special Agent G. Ryan Arnold, depose and state as follows:

1. I am a Special Agent with the United States Immigration and Customs Enforcement (ICE). I have been so employed with ICE and its predecessor agency the Immigration and Naturalization Service (INS) since 2002. Prior to that, I served as a Border Patrol Agent in Zapata, Texas from 1998 to 2002. Since joining federal law enforcement in 1998, I have been involved in multiple drug related investigations involving the illegal smuggling of cocaine, heroin, and other controlled substances. I have also received training at the Federal Law Enforcement Training Center in all aspects of drug smuggling, including the structure, organization, and operation of international drug smuggling groups, the techniques used by such persons to finance and import drugs, and the identification of documents and other records commonly generated by such operations.

2. I submit this affidavit in support of a criminal complaint charging **OSCAR ALFREDO RIZO COLINDRES ("RIZO")** with illegally importing approximately 1.97 pounds (approximately 893.57 grams), with packaging of heroin, a Schedule I controlled substance, into the customs territory of the United States from a

place outside thereof, in violation of 21 U.S.C. §§ 952(a) and 960.

3. The information contained in this Affidavit is based upon facts and circumstances learned by me personally and information related to me by other law enforcement officers involved in the investigation. This affidavit does not set forth all the facts developed during the course of this investigation. Rather, it sets forth only those facts that are necessary and sufficient to establish probable cause to believe that **RIZO** has committed the crime set forth in the accompanying Criminal Complaint.

4. On Thursday night, January 27, 2005, at approximatley 10:10 p.m., TACA Flight No. 586 arrived at Logan International Airport in Boston from Guatemala, with a stop made in El Salvador. **RIZO**, traveling under a Guatemalan passport, was a passenger on that flight and exited the flight along with the other passengers at Terminal E.

5. During the Customs and Border Protection (CBP) examination process carried out routinely by CBP Inspectors of the Flight No. 586's passengers, **RIZO** was examined and inspected by CBP Inspectors. During the questioning, **RIZO** stated that he had packed his luggage and was familiar with its contents.

6. While in secondary inspection, **RIZO**'s six bags were searched, and found to contain multiple bundles of assorted goods, such as clothing and food products, wrapped with various names and markings. It appeared to the Inspectors that **RIZO** was traveling as an unlicensed, commercial merchandise courier, meaning that he was transporting merchandise on behalf of others into the United States without a broker license.

7. During the examination process, the Inspector noticed an anomaly in the weight of two cans of sardines which were in **RIZO**'s luggage. The two cans were subsequently x-rayed and probed. The x-rays revealed that the cans did not contain sardines. A probe of one of the cans revealed that the can contained a white powdery substance, which field- tested positive for heroin. Both cans were then opened, and the contents of the second can likewise field-tested positive for heroin.

8. After being advised of his Miranda rights, which **RIZO** indicated he understood, **RIZO** made a number of statements, many of which were inconsistent. For example, **RIZO** initially stated that he was going to an address in Brockton, Massachusetts, where he had stayed several times in the past. When questioned about the manner in which he would go to the address, **RIZO** initially stated that he was going to take a taxi, which had been paid for in advance by an unknown person. Later **RIZO** admitted that he was

lying and that he was supposed to be picked up in a mini-van driven by a person he knew only by sight, not name, and driven to New Jersey. **RIZO** stated that he usually puts the Brockton, Massachusetts address on his customs declaration, but he has never stayed there.

9. When asked why he lied about such a simple matter, he stated "because I am scared that I am in trouble." When asked why he thought he was in trouble, he stated, "for carrying drugs." **RIZO** initially stated that he knew there were drugs because one of the Inspectors told him in Spanish that was so. When **RIZO** was then told that the only Spanish-speaking Inspector and/or agent denied ever telling him there were drugs in his bags, **RIZO** changed his story and said that he must have overheard the Inspectors talking about drugs. **RIZO** made this statement, yet later claimed that he understood only a limited amount of English.

10. Based on the information contained in this Affidavit, all of which is true and accurate to the best of my knowledge,

information and belief, I believe that there is probable cause to believe that **OSCAR ALFREDO RIZO COLINDRES** has committed violations of 21 U.S.C. § 952(a) and 960.

_____
G. RYAN ARNOLD
Special Agent
United States Immigration and Customs Enforcement

    Sworn to and subscribed before me the 28th day of January, 2005.

_____
CHARLES B. SWARTWOOD
United States Magistrate Judge

5

%JS 45 (5/97) - (Revised USAO MA 6/29/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** Boston  **Category No.** II  **Investigating Agency** ICE

**City** Boston  **Related Case Information:**

**County** Suffolk
Superseding Ind./ Inf. ____  Case No. ____
Same Defendant ____  New Defendant ____
Magistrate Judge Case Number ____
Search Warrant Case Number ____
R 20/R 40 from District of ____

**Defendant Information:**

**Defendant Name** Oscar Alfredo Rizo-Colindres    **Juvenile** ☐ Yes  ☒ No

**Alias Name** ____

**Address** Unknown

**Birth date (Year only):** 1961  **SSN (last 4 #):** N/A  **Sex** M  **Race:** Hispanic  **Nationality:** Guatemalan

**Defense Counsel if known:** Unknown  **Address:** ____

**Bar Number:** ____

**U.S. Attorney Information:**

**AUSA** Susan M. Poswistilo  **Bar Number if applicable** ____

**Interpreter:** ☒ Yes ☐ No  **List language and/or dialect:** Spanish

**Matter to be SEALED:** ☐ Yes ☒ No

☐ Warrant Requested  ☐ Regular Process  ☒ In Custody

**Location Status:**

**Arrest Date:** 01/28/05

☒ Already in Federal Custody as  of 01/28/05  in  USMS.
☐ Already in State Custody ____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by ____  on ____

**Charging Document:**  ☐ Complaint  ☐ Information  ☐ Indictment

**Total # of Counts:**  ☐ Petty  ☐ Misdemeanor  ☒ Felony 1

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 01/28/05  **Signature of AUSA:** _[signature]_

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Oscar Alfredo Rizo-Colindres _____

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 U.S.C. §§ 952 and 960 | Importation of Heroin | 1 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**