

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 15, 2005

Desmond P. FitzGerald, Esq.
Fitzgerald & Company, LLC
18 Tremont Street, Suite 210
Boston, MA 02111

> Re: United States v. Oscar Rizo-Colindres
>     Criminal No. 05-10042-NMG

Dear Mr. FitzGerald:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Oscar Rizo-Colindres ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.  Change of Plea

At the earliest practicable date, Defendant shall plead guilty to the a Superseding Criminal Information, charging him with conspiracy to import heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sectio 952, 960(b)(2)(A) and 963, a copy of which is enclosed. Defendant expressly and unequivocally admits that he in fact committed the crime charged in the Superseding Information, and is in fact guilty of the offense. Defendant agrees to the accuracy of the attached statement of facts.

The U.S. Attorney agrees to dismiss the pending Indictment at the time of sentencing.

In connection with his plea to the Criminal Information, Defendant agrees to execute a written waiver of his right to be prosecuted pursuant to a Grand Jury Indictment.

2. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximu penalties: a minimum mandatory term of five years' imprisonment and a maximum term of forty years' imprisonment; a $2,000,000 fine; a period of supervised release of at least four years and maximum of life; and a special assessment of $100.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and th provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentenc the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth i 18 U.S.C. §3553(a).

The parties will take the following positions at sentencin with respect to the application of the United States Sentencing Guidelines:

   (a) The parties agree to take the position that Defendant has a base offense level of 28, based upon his conspiring to import more than 400 gram but less than 700 grams of heroin into the Unite States.

   (b) Defendant takes the position that he is entitled to a minor role adjustment pursuant to U.S.S.G §3B1.2(b), and is therefore entitled to a two level reduction in his base offense level. The government takes the position that Defendant is not entitled to any role adjustment under §3B1.2

   (c) Defendant will take the position that the Court should apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) and impose a sentence without regard to the statutory minimum-mandator sentences that are otherwise applicable in this

2

      case. Defendant also will take the position tha
pursuant to §2D1.1(b)(7) of the Sentencing
Guidelines, his offense level should be reduced
two levels.

      The U.S. Attorney will recommend applying §5C1.2
of the Sentencing Guidelines and 18 U.S.C.
§3553(f) if the U.S. Probation Office finds that
Defendant meets the requirements of §5C1.2(1)-(4
and the U.S. Attorney finds that Defendant has
personally satisfied §5C1.2(5).

      Defendant recognizes and acknowledges that, if t
Court declines to apply §5C1.2 of the Sentencing
Guidelines and 18 U.S.C. §3553(f), Defendant wil
not receive an additional two level reduction
pursuant to §2D1.1(b)(6) of the Sentencing
Guidelines and he will receive a sentence at or
above the statutory minimum-mandatory term of
years.

(d)  Based on Defendant's prompt acceptance of person
responsibility for the offense of conviction in
this case, and information known to the U.S.
Attorney at this time, the U.S. Attorney agrees
recommend that the Court reduce by three levels
Defendant's Adjusted Offense Level under U.S.S.G
§ 3E1.1.

      The U.S. Attorney specifically reserves the righ
not to recommend a reduction under U.S.S.G. §
3E1.1 if, at any time between his execution of
this Agreement and sentencing Defendant:

      (a)  Fails to admit a complete factual basi
for the plea;

      (b)  Fails to truthfully admit his conduct
the offenses of conviction;

      (c)  Falsely denies, or frivolously contest
relevant conduct for which Defendant i
accountable under U.S.S.G. § 1B1.3;

      (d)  Fails to provide truthful information
about his financial status;

      (e)  Gives false or misleading testimony ir

                    any proceeding relating to the crimina
                    conduct charged in this case and any
                    relevant conduct for which Defendant i
                    accountable under U.S.S.G. § 1B1.3;

          (f)    Engages in acts which form a basis for
                    finding that Defendant has obstructed
                    impeded the administration of justice
                    under U.S.S.G. § 3C1.1;

          (g)    Intentionally fails to appear in Court
                    or violates any condition of release;

          (h)    Commits a crime;

          (i)    Transfers any asset protected under an
                    provision of this Agreement; and/or

          (j)    Attempts to withdraw his guilty plea.

      Defendant expressly understands that he may not
withdraw his plea of guilty if, for any of the
reasons listed above, the U.S. Attorney does not
recommend that he receive a reduction in Offense
Level for acceptance of responsibility.

      Defendant expressly understands that, in additic
to declining to recommend an acceptance-of-
responsibility adjustment, the Government may se
an upward adjustment pursuant to U.S.S.G. § 3C1.
if Defendant obstructs justice after date of thi
Agreement.

    The U.S. Attorney and Defendant agree that there is no bas
for a departure from the sentencing range established by the
United States Sentencing Guidelines. Accordingly, neither the
U.S. Attorney nor Defendant will seek a departure on any grounc
from the Sentencing Guidelines.

    4.   <u>Sentence Recommendation</u>

    The U.S. Attorney agrees to recommend the following senter
before the District Court:

              (a)    incarceration or other confinement within the
                     applicable guideline range;

4

    (b)    a fine within the applicable guideline range, unless the court finds that Defendant is not abl and, even with the use of a reasonable installme schedule, is not likely to become able to pay a fine;

    (c)    a period of supervised release of four years; an

    (d)    a $100 special assessment.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later th twenty-one days before sentencing. Any basis for sentencing wi respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney a least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment t the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motic under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limit to, any rulings on pretrial suppression motions any other pretrial dispositions of motions and

5

>              issues; and
>
>      (2)   The imposition by the District Court of a senten
>            which does not exceed that being recommended by
>            the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held b the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations o the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and the respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant m not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendation of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.   Civil Liability

By entering into this Agreement, the U.S. Attorney does no compromise any civil liability, including but not limited to ar tax liability, which Defendant may have incurred or may incur a a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Cour for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option

the U.S. Attorney.

10.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney ma at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespectiv of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant t this Agreement.  Defendant recognizes that no such breach by hi of an obligation under this Agreement shall give rise to ground for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before an grand jury, at any trial or hearing, or for sentencing purposes any statements which may be made by him, and any information, materials, documents or objects which may be provided by him tc the government subsequent to this Agreement, or pursuant to the proffer agreement dated June 10, 2005 without any limitation. this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations the Speedy Trial Act.

11.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, sta or local prosecutive authorities.

12.  Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those s forth in this letter and in the proffer letter dated June 10, 2005.  This Agreement supersedes prior understandings, if any, the parties, whether written or oral with the sole exception of those contained in the proffer letter dated June 10, 2005.  Thi Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between t
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Susan M. Poswistilo.

                                  Very truly yours,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                        By: _____
                                LAURA J. KAPLAN, Chief
                                Violent & Organized Crime
                                Section


                                _____
                                SUSAN M. POSWISTILO
                                Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Oscar Alfredo Rizo-Colindres
Defendant

Date: 9-21-2005

I certify that Oscar Alfredo Rizo-Colindres has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Desmond P. FitzGerald
Attorney for Defendant

Date: 9-21-2005