UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2005 DEC -9 P 4: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | DOCKET NO. 01640-CBS |
| ) | |
| OSCAR A. RIZO-COLINDRES ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

#### Minor Role Adjustment

According to the defendant's statements to the government and to the court during his plea, as well as, to the probation department during the preparation of the pre-sentence report, the defendant was engaged as a merchandise courier for a company Newguate International Express. On January 27, 2005 he arrived in the U.S. at Boston, Massachusetts and had in his possession several packages for delivery and one of these packages contained a quantity of heroin. (See Pre-sentence Report ¶ 11)

The defendant upon inquiry denied that he had knowledge that he was personally transporting a controlled substance but acknowledge that he was aware that individuals who were working as couriers were being used in that capacity.

The revised pre-sentence report has recommended an offense level of 23 is appropriate offense level in this matter as a result of the government's objection to the original assessment of 19. However the defendant is entitled to a two-level downward adjustment pursuant to § 3B1.2(b) of the Sentencing Guidelines because at a minimum he played

only a "minor" role in the conspiracy.

In its objection to granting the defendant such an adjustment, the government asserts that "a courier in a drug trafficking scheme . . . is not 'automatically entitled to a [role] reduction.'" Government Objections/Comments at 1, *citing* United States v. Gonzalez-Soberal, 109 F.3d 64 (1st Cir. 1997).

While it is true that "a drug courier is not entitled as a right to a reduction of the offense level as a minimal of minor participant," United States v. Lopez Gil, 965 F.2d 1124, 1131 (1st Cir. 1992), a "court's determination of a defendant's role in [an] offense is necessarily fact specific," United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004). The facts of the instant case clearly distinguish it from the cases cited by the government.

The defendant in the instant case has repeatedly testified that he was only a courier, that he had no knowledge of the narcotics in his luggage, that he had no intent to distribute the drugs, and that he had no contact with the narcotics prior to his arrest. In United States v. Gonzalez-Soberal, there was "no testimony or evidence to support the assertion that [the appellant's] role was limited to one of courier. Gonzalez-Soberal, 109 F.3d at 73. In United States v. Santos, the appellant was not entitled to a role adjustment because he "inspected the cocaine for quality and assisted in repackaging it for transportation." Santos, 357 F.3d at 143. The court in United States v. Paz Uribe based its finding that a mere courier is not "automatically entitled" to a role reduction on the Fifth Circuit decision United States v. Buenrostro. United States v. Paz Uribe, 891 F.2d 396, 399 (1st

2

Cir. 1989). <u>Buenrostro</u> clearly indicates the court's understanding that being simply a courier involves knowledge and intent:

> While the typical courier is not sophisticated in the ways of acquisition and distribution, their activity and their own conduct, together with their own intent to bring the narcotics into the United States and get past that roadblock is an important, critical event in the trafficking of narcotics. And therefore, it is not minor. It is not minimal. <u>United States v. Buenrostro</u>, 868 F.2d 135, 138 (5th Cir. 1989).

The appellant in <u>Buenrostro</u> admitted to the knowledge that his car contained a controlled substance. <u>Id</u>.

Not only was the defendant in the instant case merely a courier, but he also had no knowledge of the drugs, and no intent to bring them into the United States. The facts of defendant's case distinguish it from those of couriers who were found not entitled to a role reduction. The facts of the case reveal that the defendant qualifies as a minor participant in the scheme under the standard of <u>United States v. Santos</u>. He is "less culpable than his cohorts in the particular endeavor." <u>Santos</u>, 357 F.3d at 142. His cohorts obtained the drugs, packaged the drugs, and had a proprietary interest in the drugs, while the defendant had no knowledge of the drugs at all. And, the defendant is "less culpable than the majority of those within the universe of persons participating in similar crimes." <u>Santos</u>, 357 F.3d at 142. It can be assumed that the majority of drug traffickers have knowledge that they are transporting narcotics and have the intent to carry and distribute a controlled substance.

The defendant had only a minor role in the conspiracy and is therefore entitled to a two-level reduction of his offense level.

Historically Courts were allowed to fashion the appropriate sentence taking into consideration a wide variety of factors. United States v. Bogdan, 284 F.3rd 324, 327 (1st Cir. 2002), citing, 18 U.S.C. sec. 3553(b) ["if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing commission in formulating the Guidelines..."] For example, when a defendant facilitates a proper administration of justice by entering a guilty plea early and testifies against codefendants thus forcing them to plead guilty the downward departure is justified. United States v. Garcia, 926 F.2d 125, 125 (2nd Cir. 1991). The Court classified Garcia's conduct as "activities facilitating the proper administration of justice in the District Courts of the District of Connecticut." Garcia at 127. The defendant was then sentenced to 36 months' imprisonment, rather than the 51-63 month range specified by the Sentencing Guidelines. Id. Furthermore, Second Circuit Court of Appeals reasoned that when the collateral consequences of a defendant's alienage are "...extraordinary in nature or degree..." the possibility of a sentence that is less severe. United States v. Restrepo, 999 F.2d 640, 644 (2d Cir. 1993).

A new era in Federal Sentencing law has recently arrived when the United States Supreme Court held that certain portions of the sentencing statute were incompatible with the Court's constitutional requirement. United States v. Booker, United States v. Fanfan, 125 S. Ct. 738, 764 (2005). While most of the statute was determined to be valid by the Court, such as 18 U.S.C.A. 3551 (outlining authorized sentences being probation, fine or

4

imprisonment); 3552 (presentence report); 3554 (forfeiture); 3583 (supervised release), the Court nevertheless reasoned that two specific statutory provisions must be severed and excised from the Act: provision requiring courts to impose a sentence within the applicable guidelines range (absent justifiable departure as provided in 18 U.S.C sec. 3553(b) (1) (Supp. 2004), and provision setting the de novo review of departures from the applicable guidelines. Booker and Fanfan at 764. (2005). In the instant case it is the former statutory provision that is at issue, namely provision requiring courts to impose a sentence that fits the applicable guidelines range provided downward departure is unavailable.

In the instant case as in Garcia the defendant provided meaningful and accurate information about unindicted co-conspirators upon his own volition. While to our knowledge those individuals have not been charged to date the defendant conduct in providing meaningful information is nevertheless analogous to the actions taken by Garcia. In addition, Mr. Rizo-Colindres appeared before this court and entered a plea of guilty to the present Information, waiving the requirement that the government proceed by Indictment. The plea was accepted by the Court. Just as the defendant in Garcia, Mr. Rizo-Colindres' entering the plea enabled the Court to move to the next stage of the proceeding thus avoiding a trial that would have taken a significant amount of time and resources. Similarly to Garcia, the Court should classify Mr. Rizo-Colindres' conduct as "activities facilitating the proper administration of justice in the District Courts...."

It should be noted that because Mr. Rizo-Colindres admitted involvement in the offence he has been granted an acceptance of responsibility offense level reduction. (See

5

U.S.S.G. sec. 3E1.1 (a) the offense level is reduced two levels), however his additional assistance may be a factor that the Court could consider relative to this sentence.

In addition to the fact that Mr. Rizo-Colindres has no criminal history both prior and subsequently to the instant offense, his full cooperation with the U.S. Probation Department and his full compliance with the all restrictive conditions that have been placed on him since the date of his incarceration, the Court should take into consideration other mitigating factors, namely the immigration consequences that Mr. Rizo-Colindres will face as a result of this conviction.

Mr. Rizo-Colindres was present in the United States pursuant to a valid nonimmigrant visitor visa that will expire shortly. As a result of this conviction Mr. Rizo-Colindres will face removal from the United States pursuant to Section 237(a)(ii) of the Immigration & Nationality Act as well as mandatory detention at a Department of Homeland Security facility upon his release from Bureau of Prisons custody pursuant to 236(c) of the aforementioned act. This detention generally lasts for 3 to 6 months, depending upon the resources at the Dept. of Homeland Security's disposal at the time. Mr. Rizo-Colindres will have his visa cancelled and will be barred from returning to the United States unless he is given special permission form the U.S Attorney General or the Secretary of the Dept. of Homeland Security. This is a particularly tragic repercussion for both the defendant's family and career because Mr. Rizo-Colindres has numerous family members who reside in the U.S. (See Pre-sentence Report ¶ 6) and the U.S. is the largest trading partner for Guatemala, a country has 75% of its population living below the poverty line according to the CIA World Factbook Report in 2004. Not having access to family and

business resources in the U.S. will negatively impact virtually all aspects of the defendant's future.

Any substantial period of confinement will only put a further emotional and financial strain on Mr. Rizo-Colindres which is neither suitable nor necessary for his rehabilitation.

## CONCLUSION

Wherefore Mr. Rizo-Colindres respectfully requests that this Honorable Court to find that he was only a minor participant in this conspiracy and as such should receive the appropriate adjustment to his offense level and a sentence that is fair and reasonable in consideration of the circumstances of this case.

The defendant,
By his Attorneys,

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
Email:dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December 2005, I delivered a copy of the foregoing document, Sentencing Memorandum, to the opposing party or counsel, Susan Poswistilo, Asst. U.S. Attorney, U.S. Attorney's Office, Suite 9200, One Courthouse Way, Boston, MA 02110 by hand delivery and to Emily S. Piovoso, U.S. Probation Officer, US District Court, 595 Main Street, Worcester, MA 01608 by mail.

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone 617.523.6320
Facsimile 617.523.6324
E-mail : dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881